## D. GIBSON v. STATE.

No. A-4334. Opinion Filed April 19, 1924.

(224 Pac. 736.)

(Syllabus.)

1. **Appeal and Error—Harmless Error—Error of Procedure.** By express provision of statute (section 2822, Comp. St. 1921), no error of procedure shall result in the reversal of a criminal judgment, unless it resulted in material prejudice to the substantial rights of the defendant.

2. **Criminal Law—Refusal of Additional Time to Plead after Amendment of Information Held not Prejudicial.** Where an information is amended after plea and before trial in a misdemeanor case on order of the court, and where the defendant and his counsel had 13 months within which to become familiar with the nature of the amendment to the original information before defendant was arraigned thereon, the refusal of the trial court to grant an additional 24 hours in which to plead, without showing of good cause therefor by affidavit, was not error prejudicial to defendant.

3. **Same—Statute Allowing 24 Hours to Plead Cannot be Used Solely for Delay.** The statute allowing a defendant 24 hours in which to plead may not be used solely for purposes of delay.

4. **Appeal and Error—Harmless Error—Permitting Evidence Before Proper Foundation Laid.** The action of the trial court in overruling objections to questions propounded to witnesses before proper foundation had been laid for the admission of the evidence that would naturally flow from such questions becomes harmless, where, subsequent to the rulings of the court, proper foundations were laid before the qustions were in fact answered.

Appeal from County Court, Woodward County; H. B. King, Judge.

D. Gibson was convicted of the offense of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

L. F. Robertson and S. M. Smith, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. On the 6th day of December, 1920, the county attorney of Woodward county filed an information in the county court against D. Gibson and John Fallis, charging them with having unlawfully in their possession a large quantity of intoxicating liquor called choctaw beer. The defendants were arrested, and thereafter demurred to the information, and on the 27th day of December, 1920, the county attorney by leave of court filed an amended information which charged the defendants Gibson and Fallis with the unlawful possession of one-half gallon of whisky, and more than a gallon of fermented and malt liquor commonly called choctaw beer, which contained more than one-half of 1 per cent. of alcohol measured by volume, and was then and there capable of being used as a beverage. The amended information charged the offense to have been commmitted on the same date as the original information; the amendment to the original information going only to the allegation of whisky in addition to the possession of choctaw beer.

On the 14th day of February, 1921, the cause was continued for the term on the application of the defendant for the reason that his counsel was a member of the Legislature.

The cause was not again set for trial until the 16th day of January, 1922, at which time the defendant Gibson appeared in person and by counsel, and it was discovered that he had never been arraigned on the amended information, and when called for arraignment the defendant asked 24 hours in

which to plead to the amended information. The trial court overruled the motion of the defendant for a leave of 24 hours in which to plead, and the defendant thereupon filed a demurrer to the amended information, which was overruled and excepted to, and the defendant thereupon entered a plea of not guilty to the amended information, and announced ready for trial.

In overruling the motion for a leave of 24 hours in which to plead to the amended information, the trial court caused to be entered on the journal the following journal entry:

"Now on this 16th day of January, 1922, comes D. Gibson, defendant aforesaid, in person and by his attorneys S. M. Smith and L. F. Robertson, and the plaintiff, the state of Oklahoma, appearing by L. A. Foster, county attorney in and for Woodward county, state of Oklahoma, and the said defendant being duly arraigned on the amended information filed herein, asks that he be allowed 24 hours in which to plead to the said amended information; and it appearing to the court that the original information was filed herein on the 6th day of December, 1920, and that the said defendant, D. Gibson, was on said day duly arraigned on said information and then and there on said day filed herein his demurrer to the said information, which said demurrer was then and there overruled, to which said ruling said defendant made and saved his exceptions; whereupon said defendant on said 6th day of December, 1920, duly entered herein his plea of not guilty to the offense charged in said information; thereafter, by leave of court first had, the said county attorney filed herein an amended information on the 27th day of December, 1920; that thereafter on February 14, 1921, a duly called and convened jury term of said court being then duly in session, and the said cause being then and there regularly assigned for trial at said term, the said cause was continued on motion of the said defendant; and it further appearing to the court that the said cause has been regularly set down on the trial docket of this court for trial on this date, and the defendant having failed and declined to point

out in his motion for 24 hours in which to plead to said amended information any reason for such delay, or that he has been taken by surprise by any allegation contained in said information, or to point out or show to the court that he is not prepared for trial on the charge contained in said amended information, or that the motion is not for the purpose of delay merely, and no sufficient cause appearing to the court for granting said motion, the said motion or request for 24 hours in which to plead is refused and denied; to which ruling of the court the defendant excepted and saved his exception.    Thereupon the defendant entered his plea of not guilty.  H. B. King, County Judge.''

The chief contention of counsel for reversal of this judgment is based upon the alleged error of the trial court in refusing to allow the defendant 24 hours in which to plead on the 16th day of January, 1922, nearly 13 months after the amended information had been on file, and more than 11 months after the defendant appeared in court in defense of this charge and had obtained a continuance of the trial on the statutory ground that his counsel was a member of the Legislature.

Section 2512, Compiled Statutes 1921, relating to the amendment of informations, in part provides:

''An information * * * may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit.''

While the statute provides that on arraignment the defendant, if he requires it, shall be allowed 24 hours in which to plead to an indictment or information, the purpose of such statute is to give the defendant's counsel ample opportunity to become acquainted with the nature of the charge and to take such steps preliminary to the plea as counsel

may believe his client entitled to. It was never intended
that the statute allowing 24 hours in which to plead should
be used as an agent solely for the purpose of delay. Further-
more, it is provided in the statute above quoted, permitting
informations to be amended, that an amendment to an in-
formation shall not cause any delay of the trial, unless for
good cause shown by affidavit. In this case it appears that the
request for 24 hours in which to plead to the amended in-
formation was made approximately 13 months after the
amended information had been filed. During the interim be-
tween the filing of the amended information and the request
for 24 hours in which to plead, the cause had been set for trial
and continued on the motion of the defendant. This action oc-
curred more than 11 months before the case was finally called
for trial. There is nothing in this record which would indi-
cate that it was with material prejudice to the rights of the
defendant to require him to plead to the amended informa-
tion on the 16th day of January, 1922. The defendant had
theretofore pleaded to the original information. He was fa-
miliar, without question of doubt, with the substance of the
allegations of both the original and the amended information.
Apparently under the circumstances the motion for time to
plead was entered solely for the purpose of delay. Counsel
in their brief do not undertake to indicate how the defend-
ant was prejudiced by requiring him to plead on the 16th
day of January, 1922, instead of on the 17th day thereof, and,
if they are not able to point out any substantial right denied
the defendant or any prejudice to him, certainly this court
would not be expected to assume that the trial court erred
in requiring the defendant to enter a plea to an amended in-
formation some 13 months after the same had been filed. The
defendant wholly failed to show any good cause for such
delay by affidavit or otherwise. This alleged error of pro-
cedure being such a one as did not materially prejudice the

substantial rights of the defendant under the record in this case, this court, under the provisions of section 2822, Compiled Statutes 1921, is not authorized to reverse the judgment of conviction on this ground.

It is further contended that the trial court erred in overruling certain objections interposed by counsel for defendant to questions propounded by the county attorney to the state's witness, Taber, and also in admitting in evidence a certain jar containing corn whisky without connecting the possession of the same with this defendant.

These assignments are without merit. Proper foundation was laid for the admission of this evidence. After the objections interposed had been overruled, the questions objected to were not answered until other questions were subsequently propounded and answered which destroyed the force and merit of the original objections and established a basis for the admission of answers to the questions here objected to. Had this not been done, there might be merit in this assignment, but the error was cured by the subsequent laying of the proper foundations for the answers before the questions objected to were in fact answered.

The judgment is affirmed.

BESSEY and DOYLE, JJ., concur.